# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARY T. MOROFSKY,

       Plaintiff,

v.                                                          Case No. 1:09-CV-145

COMMISSIONER OF SOCIAL                           HON. GORDON J. QUIST
SECURITY,

       Defendant.
_____/

## **ORDER REJECTING REPORT AND RECOMMENDATION**

The Court has before it the Commissioner's Objections to the Magistrate Judge's Report and Recommendation issued on January 19, 2010. In his report and recommendation, the magistrate judge recommended that the Administrative Law Judge's (ALJ) decision denying Plaintiff's claim for benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to (1) follow the process set forth in 20 C.F.R. § 404.1535 and provide a clear determination of whether substance abuse was a contributing factor material to the determination of disability, and (2) reassess his decision that three psychologists' opinions essentially corresponded with each other. The magistrate judge further recommended that on remand the ALJ should allow Plaintiff to question Dr. Hauer, the medical expert, despite Plaintiff's waiver of her right to cross-examine this witness. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be rejected.

The Commissioner raises two objections. First, the Commissioner argues that 20 C.F.R. § 404.1535 is inapplicable here because the ALJ did not find Plaintiff disabled. Section 404.1535

provides, "*If we find that you are disabled* and have medical evidence of your drug addition or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535 (emphasis added). Here, the ALJ found that Plaintiff was not disabled based on her age, education, work experience, residual functional capacity, and the testimony of the vocational expert. (A.R. 25.) The ALJ thus did not have to follow the process set forth in § 404.1535.

Second, the Commissioner argues that the magistrate judge erred in finding that Dr. Hauer's medical expert opinion did not correspond to the expert opinions of Drs. Greiger and Kriauciunas. Drs. Greiger and Kriauciunas are psychologists with the Michigan Disability Determination Service. Dr. Greiger stated that Plaintiff's fine and gross motor skills appeared compromised, she appeared to have a problem with balance, her clothing was untidy and disheveled, and her grooming and hygiene were poor. (A.R. 298.) Dr. Kriauciunas stated that Plaintiff was moderately limited in her ability to understand and remember detailed instructions, and her ability to carry out those instructions. (A.R. 301.) Dr. Hauer, who was examined by the ALJ in Plaintiff's absence and without objection, stated that Plaintiff had a good ability to function mentally and follow complex instructions, and an excellent ability to follow simple instructions. (A.R. 421.) When the ALJ asked Dr. Hauer the difference between good and excellent, Dr. Hauer confirmed that good meant "some limitation, but overall ability being satisfactory," and excellent meant no limitation. (A.R. 421.) While each medical expert used different language, substantial evidence supports the ALJ's determination that Dr. Hauer's opinion essentially corresponded with Drs. Greiger and Kriauciunas's views. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket no. 11) is **REJECTED**.

2

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated: March 31, 2010                                             /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE